

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

                    Opinion No.O-1551
                    Re: On what dates did taxes be-
                        come delinquent for years
                        prior to 1939, and the ef-
                        fect on such dates of Chapter
                        16, Senate Bill 402, Acts,
                        46th Legislature, 1939.

        You request an opinion of this department as to
the date when taxes should be considered as having become
delinquent for years prior to 1939. You also ask the ef-
fect of Chapter 16, Senate Bill 402, Acts of the 46th Leg-
islature, 1939, on the prior statutes on this subject.

        Senate Bill 402 provides in part as follows:

        "(b) All poll taxes and all ad valorem
    taxes, unless one-half (½) thereof have been
    paid on or before November thirtieth as here-
    inabove provided, shall become delinquent if
    not paid prior to February first of the year
    next succeeding the year for which the return
    of the assessment rolls of the county are made
    to the Comptroller of Public Accounts. If one-
    half (½) of said ad valorem taxes have been
    paid on or before the thirtieth day of November
    as herein provided, the remaining one-half (½)
    of such taxes shall be delinquent if not paid
    before the first day of July of the year next
    succeeding the year for which the return of the
    assessment rolls of the county are made to the
    Comptroller of Public Accounts."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

Evidently you are concerned with the problem of the date on which six per cent interest begins accruing on taxes for years prior to 1939 which taxes were still delinquent and unpaid as of the effective date of Senate Bill 402. It is to be noted in the first place that Senate Bill 402 does not attempt to set up at what date taxes became delinquent for prior years, but has provided that taxes shall become delinquent on certain dates. It is therefore unnecessary to discuss the question of whether or not the Legislature could provide that taxes for prior years have become delinquent at a date different than the date upon which said taxes became delinquent under the laws prevailing at the time of said tax.

Article 7336d of Vernon's Annotated Civil Statutes was enacted as Chapter V, House Bill No. 7, by the 43rd Legislature in its Fourth Called Session in 1934. Said statute reads in part as follows:

"Sec. 2. That all interest and penalties that have accrued on all ad valorem and poll taxes that were delinquent on or before August 1, 1934, and not paid under the provisions of Section 1 of this Act, due to the State or any county, common school district, road district, levee improvement district, water improvement district, water control and improvement district, irrigation district and other defined subdivisions of the State (except such cities, towns, villages, special school districts and independent school districts which do not adopt the provisions of this section) shall be and the same are hereby released, . . . and the same shall be and are hereby released provided said ad valorem and poll taxes are paid after June 30, 1935, with an addition of eight per cent (8%) penalty on said taxes, together with interest on said taxes at the rate of six per cent (6%) per annum, on and from July 1, 1935; but it is especially provided that the penalties herein provided for shall not be cumulative."

There can be no question but that the above-quoted article releases all interest on delinquent taxes prior to July 1, 1935. The Forty-fourth Legislature enacted House Concurrent Resolution No. 13 on January 22, 1935. Said Resolution provides in part as follows:

Honorable George H. Sheppard, Page 3

> "RESOLVED, That said House Bill No. 7 including this Resolution is an emergency measure and such emergency is hereby declared for the reasons herein and in said House Bill No. 7 stated; and on account of such emergency an imperative public necessity demands that the Constitutional Rule requiring all bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and said House Bill No. 7 and this Resolution shall be in force and take effect from and after the passage hereof, and it is so enacted.

> "Nothing herein shall be construed to remit any costs, interest or penalty after June 30, 1935, and it is hereby declared to be the policy of the State and the intent of the Legislature not to remit any costs, interest or penalties after June 30, 1935."

The intention of the Legislature in the last paragraph of the above-quoted Resolution is not clear. At any rate, said provision can have no effect on the bill which had been previously passed because of the holding of the Supreme Court of Texas in the case of Caples v. Cole, 102 S. W. (2d) 173. The court stated that a bill could not be amended by a resolution of both houses of the Legislature. You are therefore advised that all interest on delinquent taxes prior to July 1, 1935, has been released by the Legislature. It is unnecessary, therefore, to go back of 1935 to determine the delinquent date of taxes.

Article 7336, as amended in 1934, reads in part as follows:

> "All ad valorem and poll taxes shall become delinquent if not paid by July first of the year next succeeding the year, for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts. All delinquent taxes shall bear interest at the rate of six per cent (6%) per annum from the date of their delinquency."

You are therefore advised that taxes for the years 1934 through 1938 became delinquent on July 1 following the year for which said taxes were assessed. This was true regardless of whether the taxes were partly paid under the split payment plan of Article 7336 or not.

Honorable George H. Sheppard, Page 4

Senate Bill 402 provides in part as follows:

"All delinquent taxes shall bear interest
at the rate of six (6%) per cent per annum from
the date of their delinquency."

In your letter you are concerned with the question of whether or not the above provision authorizes the collection of six per cent (6%) interest on delinquent taxes back of 1935 despite the interest releasing bill discussed previously in this opinion. In this connection you are advised that while it is possible for the Legislature to enact a tax penalty or interest statute which is retroactive (see League v. State, 57 S. W. 35, Supreme Court of Texas, affirmed by the United States Supreme Court in 184 U. S. 156), still such retroactive effect will not be given to a tax penalty statute unless it is specifically provided therein that the Act should have such an effect. (See Conklin v. City of E. Paso, 44 S. W. 879, writ of error refused by the Supreme Court).

The language of Senate Bill 402 looks to the future and not to the past. It is provided that "taxes shall bear interest". Nowhere in the Act is there included any language which would indicate that the Act was to be retroactive and that interest could be assessed from the date of delinquency on taxes which were delinquent prior to the passage of the Act.

It is the opinion of this department, therefore, that Senate Bill 402 does not operate retroactively and that interest at six per cent (6%) may be collected on delinquent taxes from July 1, 1935, or from the date of delinquency of taxes which became delinquent subsequent to July 1, 1935. You are also advised that Senate Bill 402 does not affect the date of delinquenty of taxes assessed for years prior to 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

APPROVED JAN 2, 1940

_Gerald C. Mann_

BG:LW

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN